IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DeROSA, | 7:11-cv-02872-NRB-FM |
| Plaintiff, | |
| v. | |
| IKON OFFICE SOLUTIONS, INC. and RICOH AMERICAS CORPORATION, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants IKON Office Solutions, Inc. ("IKON") and RICOH Americas Corporation ("RICOH") (IKON and RICOH collectively referred to as "Defendants") hereby respond to Plaintiff Kenneth DeRosa's ("Plaintiff" or "DeRosa") Complaint and state as follows:

## NATURE OF ACTION

1.  Admitted in part; denied in part.  Defendants admit that Plaintiff has asserted causes of action under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the New York State Human Rights Law, Executive Law § 296 et seq. ("HRL").  Defendants deny that Plaintiff is entitled to any redress under the FMLA and/or the HRL  The remaining allegations in Paragraph 1 are denied.

## JURISDICTION AND VENUE

2.  Admitted in part; denied in part.  Defendants admit that Plaintiff has brought this action seeking damages.  Defendants deny that Plaintiff is entitled to recover damages.  The remaining allegations in Paragraph 2 are conclusions of law to which no responsive pleading is required.

3. The allegations in Paragraph 3 are conclusions of law to which no responsive pleading is required.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff DeRosa currently resides at 77 Sunrise Hill Road, Fishkill, New York, and, therefore, this allegation is denied.

5. Admitted in part; denied in part. Defendants admit that DeRosa was employed by Defendant IKON from 1987 until April 2, 2010. Defendants admit that DeRosa was out of work on disability leave from in or about 1996 until on or about April 17, 2000. The remaining allegations in Paragraph 5 are denied.

6. The allegations in Paragraph 6 are conclusions of law to which no responsive pleading is required.

7. Admitted in part; denied in part. Defendants admit that IKON is an Ohio Corporation and that IKON does business in the State of New York. Defendants deny that IKON's principal place of business is located at 1 Penn Plaza, New York, New York.

8. Admitted in part; denied in part. Defendants admit that IKON employs over fifty employees. Plaintiff's allegation that IKON employs over fifty employees within a 75 mile radius does not specify within a 75 mile radius of what, and is therefore ambiguous and Defendants cannot respond; to the extent that a responsive pleading is required, this allegation is denied. Plaintiff's allegation that IKON is an employer as defined by the FMLA and HRL is a conclusion of law to which no responsive pleading is required.

9. Admitted in part; denied in part. Defendants admit that RICOH does business in the State of New York. Defendants deny that RICOH is a Florida corporation. Defendants deny that RICOH's principal place of business is located at 510 5th Avenue, New York, New York.

10. Admitted.

11. Admitted.

12. Admitted in part; denied in part. Defendants admit that RICOH employs over fifty employees. Plaintiff's allegation that RICOH employs over fifty employees within a 75 mile radius does not specify within a 75 mile radius of what, and is therefore ambiguous and Defendants cannot respond; to the extent that a responsive pleading is required, this allegation is denied. Plaintiff's allegation that RICOH is an employer as defined by the FMLA and HRL is a conclusion of law to which no responsive pleading is required.

13. Admitted.

## FACTS

14. Admitted.

15. Denied.

16. Admitted in part; denied in part. Defendants admit that before January 2010 that Defendants were aware that DeRosa previously had injured himself in a motor vehicle accident. The remaining allegations contained in Paragraph 16 are denied.

17. Admitted in part; denied in part. Defendants admit that before January 2010 that Defendants were aware that DeRosa previously had injured himself in a motor vehicle accident. Defendants admit that before January 2010 DeRosa had several surgeries. Plaintiff's allegations that he had serious medical conditions and disabilities involving his left upper extremity which significantly limited DeRosa's use of his left upper extremity are conclusions of law to which no responsive pleading is required.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted in part; denied in part. Defendants admit that DeRosa's employment was terminated on or about April 2, 2010. Defendants deny that Plaintiff made any request for reasonable accommodation. Defendants deny that Plaintiff requested a medical leave of absence under the FMLA in or about 2010. Defendants deny that DeRosa's employment was terminated because of his alleged disability and/or in retaliation for DeRosa's alleged request for reasonable accommodation under the HRL and/or his alleged request for a medical leave of absence under the FMLA.

24. Admitted in part; denied in part. Defendants admit that DeRosa was well qualified for his position. Defendants deny that DeRosa performed all aspects of his job in, at least, a satisfactory manner.

25. Admitted.

26. The allegations in Paragraph 26 are conclusions of law to which no responsive pleading is required.

27. The allegations in Paragraph 27 are conclusions of law to which no responsive pleading is required.

28. Admitted in part; denied in part. Defendants admit that Plaintiff has requested leaves under the FMLA prior to 2010. The remaining allegations in Paragraph 28 are conclusions of law to which no responsive pleading is required.

29. The allegations in Paragraph 29 are conclusions of law to which no responsive pleading is required.

30. The allegations in Paragraph 30 are conclusions of law to which no responsive pleading is required.

### FIRST CLAIM AGAINST DEFENDANTS FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

31. Defendants incorporate herein by reference the foregoing paragraphs, as if the same were set forth in full.

32. Denied.

33. Denied.

### SECOND CLAIM AGAINST DEFENDANTS FOR DISABILITY DISCRIMINATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

34. Defendants incorporate herein by reference the foregoing paragraphs, as if the same were set forth in full.

35. The allegations in Paragraph 35 are conclusions of law to which no responsive pleading is required.

36. The allegations in Paragraph 36 are conclusions of law to which no responsive pleading is required.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, Defendants IKON Office Solutions, Inc. and RICOH Americas Corporation respectfully request this Court to enter judgment in their favor dismissing Plaintiff's Complaint with prejudice, and awarding Defendants reasonable costs and attorneys' fees incurred in the defense of the action.

## AFFIRMATIVE DEFENSES

1. RICOH Americas Corporation is not a proper party to this action.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff failed to exhaust his administrative remedies with respect to some or all of the allegations and/or claims set forth in the Complaint.

4. Any actions taken by Defendants against Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons, and Defendants acted within the proper scope of their discretion in so acting.

5. At all times, Defendants treated Plaintiff in a lawful manner.

6. Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, his alleged disability and/or perceived disability.

7. Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, any requests for or approval of leave under the FMLA.

8. Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, any requests for reasonable accommodations.

9. Defendants breached no duty or obligation to Plaintiff.

10. No breach of any duty owed to Plaintiff by Defendants caused Plaintiff any harm, injury or damage.

11. Defendants are entitled to a set off for all amounts Plaintiff earned or could have earned in mitigation of his claimed damages.

12. Plaintiff failed to use reasonable efforts to mitigate his damages.

13. Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands and/or estoppel.

14. Plaintiff is not entitled to the damages sought.

15. Defendants exercised reasonable care to prevent and/or correct any alleged discrimination, harassment or retaliation against Plaintiff.

16. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

17. Any award of punitive damages in this action would violate the United States and/or New York Constitution.

## IKON OFFICE SOLUTIONS, INC.'S COUNTERCLAIM AGAINST KENNETH DEROSA

1. IKON Office Solutions, Inc. ("IKON") incorporates herein by reference the preceding paragraphs of the Answer and Affirmative Defenses, as if fully set forth herein.

2. Counterclaim Plaintiff IKON brings this claim against Counterclaim Defendant Kenneth DeRosa ("DeRosa") for conversion.

## INTRODUCTION

3. IKON employed DeRosa from in or about August 4, 1987 to in or about April 2, 2010. At the time of his termination, DeRosa was employed by IKON as a master technician. In order to perform his duties for IKON, DeRosa was issued a Dell Model 5400 Laptop, Serial number IKN00183414 (hereinafter referred to as "Laptop"). At the time of his termination, DeRosa did not return the Laptop. Despite numerous requests made by IKON to DeRosa to return the Laptop, DeRosa has not returned the Laptop.

## THE PARTIES

4. Counterclaim Plaintiff IKON is a an Ohio Corporation. IKON's principal place of business is located at 70 Valley Stream Parkway, Malvern, PA 19355.

5. Counterclaim Defendant DeRosa is an adult individual who, during the time of his employment with IKON, maintained the following Post Office Box:  P.O. Box 564, Fishkill, NY  12524-0564.

## JURISDICTION

6. This Court has jurisdiction over Counterclaim Plaintiff IKON's claims pursuant to Federal Rule of Civil Procedure 13(a) and Federal Rule of Civil Procedure 20 because this counterclaim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's claims.

8

7.  Venue is proper in the District Court for the Southern District of New York under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## FACTS

8.  IKON provided DeRosa with the Laptop in order to perform his duties as a master technician.

9.  On or about April 2, 2010, DeRosa's employment with IKON was terminated because DeRosa falsified company documentation.

10.  IKON has made requests that DeRosa return the Laptop. In a letter dated February 16, 2011 addressed to DeRosa's counsel, IKON again requested the return of the laptop.

11.  DeRosa has not returned the Laptop to IKON.

## COUNT I
## CONVERSION

12.  IKON incorporates herein by reference each of the allegations set forth in Paragraphs 1-11 above as well as all of the preceding paragraphs of the Answer and Affirmative Defenses and Counterclaims, as if fully set forth herein.

13.  IKON's counterclaim arises out of the same transaction or occurrence as DeRosa's claims asserted in his Complaint.

14.  IKON has legal ownership of the Laptop and/or an immediate superior right of possession to the Laptop.

15.  DeRosa exercised an unauthorized dominion over the Laptop to the exclusion of IKON's rights to the Laptop.

16. Despite repeated demands by IKON to return the Laptop, DeRosa has failed to do so.

17. IKON has been damaged as a result of DeRosa's conduct.

WHEREFORE, Counterclaim Plaintiff IKON demands entry of judgment in its favor and against Counterclaim Defendant DeRosa as well as attorneys' fees and costs of suit, and such other further relief as the Court deems just and equitable.

Dated: June 17, 2011  By: /s/ Eve I. Klein
New York, NY  Eve I. Klein, Esquire (EK6747)
eiklein@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

Attorney for Defendants

DM1\2658965.2 D6666/00479

## CERTIFICATE OF SERVICE

I, Eve I. Klein, hereby certify that on June 17, 2011, I caused a true and correct copy of the foregoing Answer to Complaint to be served via First Class Mail to the following:

> Christopher P. Keenan, Esquire
> Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP
> 222 Bloomingdale Road, Suite 305
> White Plains, NY  10605

/s/ Eve I. Klein<br>
Eve I. Klein