**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| KENNETH DeROSA, | 7:11-cv-02872-NRB-FM |
| Plaintiff, | |
| v. | |
| IKON OFFICE SOLUTIONS, INC. and RICOH AMERICAS CORPORATION, | |
| Defendants. | |

---

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Defendants IKON Office Solutions, Inc. ("IKON") and RICOH Americas Corporation ("RICOH") (IKON and RICOH collectively referred to as "Defendants") hereby respond to Plaintiff Kenneth DeRosa's ("Plaintiff" or "DeRosa") Complaint and state as follows:

## NATURE OF ACTION

1.      Admitted in part; denied in part.  Defendants admit that Plaintiff has asserted causes of action under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the New York State Human Rights Law, Executive Law § 296 et seq. ("HRL").  Defendants deny that Plaintiff is entitled to any redress under the FMLA and/or the HRL  The remaining allegations in Paragraph 1 are denied.

## JURISDICTION AND VENUE

2.      Admitted in part; denied in part.  Defendants admit that Plaintiff has brought this action seeking damages.  Defendants deny that Plaintiff is entitled to recover damages.  The remaining allegations in Paragraph 2 are conclusions of law to which no responsive pleading is required.

3.      The allegations in Paragraph 3 are conclusions of law to which no responsive pleading is required.

## PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff DeRosa currently resides at 77 Sunrise Hill Road, Fishkill, New York, and, therefore, this allegation is denied.

5.      Admitted in part; denied in part.  Defendants admit that DeRosa was employed by Defendant IKON from 1987 until April 2, 2010.  Defendants admit that DeRosa was out of work on disability leave from in or about 1996 until on or about April 17, 2000.  The remaining allegations in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 are conclusions of law to which no responsive pleading is required.

7.      Admitted in part; denied in part.  Defendants admit that IKON is an Ohio Corporation and that IKON does business in the State of New York.  Defendants deny that IKON's principal place of business is located at 1 Penn Plaza, New York, New York.

8.      Admitted in part; denied in part.  Defendants admit that IKON employs over fifty employees.  Plaintiff's allegation that IKON employs over fifty employees within a 75 mile radius does not specify within a 75 mile radius of what, and is therefore ambiguous and Defendants cannot respond; to the extent that a responsive pleading is required, this allegation is denied.  Plaintiff's allegation that IKON is an employer as defined by the FMLA and HRL is a conclusion of law to which no responsive pleading is required.

9.      Admitted in part; denied in part.  Defendants admit that RICOH does business in the State of New York.  Defendants deny that RICOH is a Florida corporation.  Defendants deny that RICOH's principal place of business is located at 510 5th Avenue, New York, New York.

DM1\2736213.1 D6666/00434

10.    Admitted.

11.    Admitted.

12.    Admitted in part; denied in part.  Defendants admit that RICOH employs over fifty employees.  Plaintiff's allegation that RICOH employs over fifty employees within a 75 mile radius does not specify within a 75 mile radius of what, and is therefore ambiguous and Defendants cannot respond; to the extent that a responsive pleading is required, this allegation is denied.  Plaintiff's allegation that RICOH is an employer as defined by the FMLA and HRL is a conclusion of law to which no responsive pleading is required.

13.    Admitted.

### FACTS

14.    Admitted.

15.    Denied.

16.    Admitted in part; denied in part.  Defendants admit that before January 2010 that Defendants were aware that DeRosa previously had injured himself in a motor vehicle accident. The remaining allegations contained in Paragraph 16 are denied.

17.    Admitted in part; denied in part.  Defendants admit that before January 2010 that Defendants were aware that DeRosa previously had injured himself in a motor vehicle accident. Defendants admit that before January 2010 DeRosa had several surgeries.  Plaintiff's allegations that he had serious medical conditions and disabilities involving his left upper extremity which significantly limited DeRosa's use of his left upper extremity are conclusions of law to which no responsive pleading is required.

18.    Denied.

19.    Denied.

20.    Denied.

DM1\2736213.1 D6666/00434

21.     Denied.

22.     Denied.

23.     Admitted in part; denied in part.  Defendants admit that DeRosa's employment was terminated on or about April 2, 2010.  Defendants deny that Plaintiff made any request for reasonable accommodation.  Defendants deny that Plaintiff requested a medical leave of absence under the FMLA in or about 2010.  Defendants deny that DeRosa's employment was terminated because of his alleged disability and/or in retaliation for DeRosa's alleged request for reasonable accommodation under the HRL and/or his alleged request for a medical leave of absence under the FMLA.

24.     Admitted in part; denied in part.  Defendants admit that DeRosa was well qualified for his position.  Defendants deny that DeRosa performed all aspects of his job in, at least, a satisfactory manner.

25.     Admitted.

26.     The allegations in Paragraph 26 are conclusions of law to which no responsive pleading is required.

27.     The allegations in Paragraph 27 are conclusions of law to which no responsive pleading is required.

28.     Admitted in part; denied in part.  Defendants admit that Plaintiff has requested leaves under the FMLA prior to 2010.  The remaining allegations in Paragraph 28 are conclusions of law to which no responsive pleading is required.

29.     The allegations in Paragraph 29 are conclusions of law to which no responsive pleading is required.

DM1\2736213.1 D6666/00434

30.     The allegations in Paragraph 30 are conclusions of law to which no responsive pleading is required.

## FIRST CLAIM AGAINST DEFENDANTS
## FOR VIOLATION OF THE FAMILY
## AND MEDICAL LEAVE ACT

31.     Defendants incorporate herein by reference the foregoing paragraphs, as if the same were set forth in full.

32.     Denied.

33.     Denied.

## SECOND CLAIM AGAINST DEFENDANTS FOR
## DISABILITY DISCRIMINATION UNDER
## NEW YORK STATE HUMAN RIGHTS LAW

34.     Defendants incorporate herein by reference the foregoing paragraphs, as if the same were set forth in full.

35.     The allegations in Paragraph 35 are conclusions of law to which no responsive pleading is required.

36.     The allegations in Paragraph 36 are conclusions of law to which no responsive pleading is required.

37.     Denied.

38.     Denied.

39.     Denied.

WHEREFORE, Defendants IKON Office Solutions, Inc. and RICOH Americas Corporation respectfully request this Court to enter judgment in their favor dismissing Plaintiff's Complaint with prejudice, and awarding Defendants reasonable costs and attorneys' fees incurred in the defense of the action.

DM1\2736213.1 D6666/00434

## **AFFIRMATIVE DEFENSES**

1.      RICOH Americas Corporation is not a proper party to this action.

2.      Plaintiff fails to state a claim upon which relief may be granted.

3.      Plaintiff failed to exhaust his administrative remedies with respect to some or all of the allegations and/or claims set forth in the Complaint.

4.      Any actions taken by Defendants against Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons, and Defendants acted within the proper scope of their discretion in so acting.

5.      At all times, Defendants treated Plaintiff in a lawful manner.

6.      Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, his alleged disability and/or perceived disability.

7.      Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, any requests for or approval of leave under the FMLA.

8.      Defendants took any complained-of actions regarding Plaintiff without regard to, and regardless of, any requests for reasonable accommodations.

9.      Defendants breached no duty or obligation to Plaintiff.

10.     No breach of any duty owed to Plaintiff by Defendants caused Plaintiff any harm, injury or damage.

11.     Defendants are entitled to a set off for all amounts Plaintiff earned or could have earned in mitigation of his claimed damages.

12.     Plaintiff failed to use reasonable efforts to mitigate his damages.

13.     Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands and/or estoppel.

DM1\2736213.1 D6666/00434

14.     Plaintiff is not entitled to the damages sought.

15.     Defendants exercised reasonable care to prevent and/or correct any alleged discrimination, harassment or retaliation against Plaintiff.

16.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

17.     Any award of punitive damages in this action would violate the United States and/or New York Constitution.


Dated:  July 18, 2011                    By:     /s/ Eve I. Klein
New York, NY                                     Eve I. Klein, Esquire (EK6747)
                                                 eiklein@duanemorris.com
                                                 DUANE MORRIS LLP
                                                 1540 Broadway
                                                 New York, NY 10036
                                                 (212) 692-1000

                                                 Attorney for Defendants

DM1\2736213.1 D6666/00434

## <u>CERTIFICATE OF SERVICE</u>

I, Eve I. Klein, hereby certify that on July 18, 2011, I caused a true and correct copy of

the foregoing Amended Answer to Complaint to be served via First Class Mail to the following:

> Christopher P. Keenan, Esquire
> Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP
> 222 Bloomingdale Road, Suite 305
> White Plains, NY  10605


/s/ Eve I. Klein
Eve I. Klein

DM1\2736213.1 D6666/00434